

KSC:USAO# 2013R000495

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. WDQ-13-0364 |
| DUVINE ERSKINE PRICE, aka "Black," ASHANTI LATRICE PRICE, ANDREA GEORGETTE JONES, MICHAEL ANTHONY TALLEY, JR., SHAWN MAURICE POWELL, PURNELL EUGENE CLARK, and RONNIE MARIE COREY, | : (Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, 21 U.S.C. § 846; Possession with Intent to Distribute Oxycodone, 21 U.S.C. § 841(a); Aiding and Abetting, 18 U.S.C. § 2; Health Care Fraud, 18 U.S.C. § 1347; Aiding and Abetting, 18 U.S.C. §2) |
| Defendants. | |

.oOo.

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

From at least 2006, up to and including the date of this indictment, in the District of Maryland and elsewhere, the defendants,

**DUVINE ERSKINE PRICE,
aka "Black,"
ASHANTI LATRICE PRICE,
ANDREA GEORGETTE JONES,
MICHAEL ANTHONY TALLEY, JR.,
SHAWN MAURICE POWELL,
PURNELL EUGENE CLARK,
and
RONNIE MARIE COREY,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury, to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute a mixture or substance containing oxycodone, also known as OxyContin and Percocet, in violation of Title 21, United States Code, Section 841(a)(1).

21 U.S.C. §846

## COUNT TWO

The Grand Jury for the District of Maryland further charges that:

On or about August 30, 2011, in the District of Maryland, the defendant,

**DUVINE ERSKINE PRICE,
aka "Black,"**

did knowingly, intentionally, and unlawfully possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of oxycodone, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT THREE

The Grand Jury for the District of Maryland further charges that:

1. Counts One and Two are realleged and incorporated by reference as though fully set forth herein.

### The Scheme to Defraud

2. From on or about December 2, 2010, and continuing through on or about April 5, 2011, in the District of Maryland and elsewhere, the defendant,

**PURNELL EUGENE CLARK,**

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program in connection with the delivery of and payment for health care benefits, items and services.

3. It was part of the scheme to defraud that the defendant, in order to obtain payments from a health care benefit program, would submit or cause to be submitted claims seeking reimbursement for prescriptions that were fraudulent in that the prescriptions were not prescribed, in fact, by the medical providers whose names appeared on the prescriptions and were not prescribed, in fact, to the patients whose names appeared on the prescriptions.

### Manner and Means

4. It was further part of the scheme and artifice that the defendant created prescriptions for controlled substances that listed the names of medical providers, and their corresponding DEA registration numbers, without their knowledge or authorization.

5. It was further part of the scheme and artifice that the defendant presented and caused to be presented to pharmacies in the District of Maryland fraudulently created prescriptions in the

names of a person who was a member of a health care benefit program who had not, in fact, been prescribed the controlled substance listed on the prescriptions.

6. It was further part of the scheme and artifice that when the defendant submitted fraudulent prescriptions to pharmacies, he presented and caused to be presented health insurance cards issued in the name of a person who had not been, in fact, legitimately prescribed the controlled substances listed on the prescriptions.

7. It was further part of the scheme and artifice that the defendant submitted or caused to be submitted pharmacy claims to health care benefit programs for the dispensing of controlled substances that were not supported by legitimate prescriptions or authorized by a prescribing physician.

## The Charge

8. On or about the 5th day of April, 2011, in the District of Maryland, the defendant,

**PURNELL EUGENE CLARK,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud a health care benefit program as defined in Title 18, United States Code, Section 24(b), to wit Medicare, in connection with the payment for health care benefits, items, and services, did knowingly and willfully submit and cause to be submitted by Giant Pharmacy, 1009 Fairlawn Street, Laurel, Maryland, a fraudulent claim for dispensing 120 tablets of Oxycodone 30 mg, a controlled substance, knowing said claim to be fraudulent, in that the prescription was not authorized by a prescribing practitioner.

18 U.S.C. § 1347
18 U.S.C. § 2

## FORFEITURE

1.  The allegations contained in Counts 1-3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853, Title 18 United States Code, Section 981(a)(1)(C), and Title 28 United States Code, Section 2461(c).

2.  Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841 or 846, the defendants,

**DUVINE ERSKINE PRICE,**
**aka "Black,"**
**ASHANTI LATRICE PRICE,**
**ANDREA GEORGETTE JONES,**
**MICHAEL ANTHONY TALLEY, JR.,**
**SHAWN MAURICE POWELL,**
**PURNELL EUGENE CLARK,**
**and**
**RONNIE MARIE COREY,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense and all interest and proceeds traceable thereto.

3.  Upon conviction of the violation of 18 U.S.C. § 1347 alleged in Count 3 of this Indictment, the defendant,

**PURNELL EUGENE CLARK,**

shall, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to a offense constituting a specified unlawful activity as defined by 18 U.S.C. § 1956(c)(7)(F) or a conspiracy to commit such offense.

## SUBSTITUTE ASSETS

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendants up to the value of the property charged with forfeiture.

*[signature]*
ROD J. ROSENSTEIN
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

Date: 7-17-13